UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MICHELE PARK, on behalf of herself and other similarly          **ECF CASE**
situated employees

                        Plaintiffs,          **COMPLAINT**

      -against-

                                        **FLSA COLLECTIVE**
**SANCIA HEALTHCARE, INC., aka SANCIA WELLNESS,**       **ACTION**
**aka PENNYE W. NASH, AS EXECUTIVE DIRECTOR**
**AND INDIVIDUATLLY, and IAN DAVIS AS PRESIDENT**
**AND INDIVIDUALLY**                            **Jury Trial Demanded**

                    **Defendants.**
--------------------------------------------------------------------------------X

Plaintiff **MICHELE PARK,** on behalf of herself and other similarly situated employees,

by her attorneys, the Law Offices of **LEE NUWESRA**, complaining of Defendants, **SANCIA**

**HEALTHCARE, INC., aka SANCIA WELLNESS, PENNYE W. NASH, AS EXECUTIVE**

**DIRECTOR AND INDIVIDUALLY, and IAN DAVIS, AS PRESIDENT AND**

**INDIVIDUALLY** respectfully alleges as follow:

### NATURE OF THE ACTION

1.    This is an action brought against Defendants, Sancia Healthcare, Inc., aka Sancia Wellness,

Pennye v. Nash, as Executive Director of Sancia Healthcare, Inc., and Individually, as well as Ian

Davis as President of Sancia Healthcare, Inc., and Individually, for violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq. **("FLSA")**, and the New York State Labor Law.

2.    Plaintiff also seeks costs and attorney's fees authorized by the FLSA, and other relevant

Statutes.

## JURISDICTION AND VENUE

3.      The jurisdiction of the Court over this controversy as to enforcement of the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., is based upon 28 U.S.C. § 1331.

4.      Supplemental jurisdiction of the Court over the State Claims brought under the New York State Labor Law are based on 28 U.S.C. § 1367(a).

5.      The unlawful employment practices alleged below were committed within this District. Accordingly, venue lies within the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1391(b).

## PARTIES

6.      At all relevant times hereinafter mentioned, Plaintiff Michele Park **(hereinafter "Plaintiff" or "Park")** was and continues to be a resident of Westchester County, State of New York.

7.      Upon information and belief, at all times hereinafter mentioned, Defendant Sancia Healthcare, Inc., aka Sancia Wellness **(hereinafter "Sancia" or "Employer")**, was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business located at 20 Church Street, White Plains, NY 10601

8.      Defendant Pennye W. Nash **(hereinafter "Nash")** is a natural person, who during all relevant times to this lawsuit, was and continues to be the Executive Director and a shareholder of Defendant Sancia. Upon information and belief, she is a resident of Westchester County, the State of New York. As such, she was an employer of Plaintiff and the other similarly situated members of the Collective Class.

9.      Defendant Ian Davis, who during all relevant times to this lawsuit, was and continues to be the President and a shareholder of Defendant Sancia. As such, he was an employer of Plaintiff and the other similarly situated members of the Collective Class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff brings the First Cause of Action for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location in any position relating to Defendants' Administrative and Clerical Staff. This covers the period that is three years before the filing of the Complaint in this case as defined herein (**"FLSA Collective Plaintiffs"**).

11.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required wage for all hours worked of one and one half times their rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12.     The First Cause of Action for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

13.     A copy of Plaintiff's consent to sue form, with redaction of personal information, is attached hereto as **Exhibit A**. The Original of said form is maintained at Plaintiffs' Counsel's Offices.

## FACTS

14.     Plaintiff, Michele Park was denied Overtime Pay ("O.T"), while employed by Defendants as a non-exempt Administrative Assistant, during the relevant time period.

15.     Defendants committed to the following alleged acts knowingly, intentionally and willfully.

16.     Defendants knew that nonpayment of the appropriate overtime wages, to Plaintiff Park, and the FLSA Collective Plaintiffs, would economically injure Plaintiffs and violate federal and state laws.

17.     Plaintiff Park, the FLSA Collective Plaintiffs, very often worked in excess of forty (40) hours per workweek.

18.     Defendants often shaved time and did not pay Plaintiff Park and the FLSA Collective Plaintiffs, any wage for all overtime hours worked. Moreover, Plaintiff Park and others often worked shifts in excess of 10 hours a day.

19.     Defendants did not pay Plaintiffs New York State spread of hours premium for days during which Defendants committed the foregoing acts against Plaintiff Park, and the FLSA Collective Plaintiffs.

20.     Plaintiff was initially hired by Defendant Employer in July 2009, as a part-time Front Office Attendant, earning $10 an hour. The highest level of formal education attained by Plaintiff Park was a General Educational Development (**"GED"**) in 2008.

21.     In 2010, still functioning as a Front Office Attendant/Receptionist, Plaintiff became a non-exempt full-time employee, earning $12 an hour.

4

22.     In 2011, Plaintiff earned $13 an hour; and in 2013, she earned $16 an hour, in her capacity as a non-exempt employee.

23.     Beginning in 2015, Ms. Park became a non-exempt Administrative Assistant earning $22 an hour.

24.     Plaintiff continued to work for Defendant, as an Administrative Assistant ("A.A"), until her constructive discharge in October 2016, after she complained of the inadequacy of her pay.

25.     Plaintiff's regularly scheduled hours were Monday-Friday, 9:00a.m. to 5:00p.m.

26.     From 2010 to June 2015, Plaintiff worked an average of 70 hours a week, without the appropriate pay remuneration for Overtime.

27.     From June 2015 through October 15, 2016, Ms. Park worked between 70 and 90 hours a week, also without the appropriate pay remuneration, for Overtime.

28.     In her position as an Administrative Assistant, during the relevant time period, Plaintiff performed the following duties:

   **a) Processing new hires;**

   **b) Processing data entry in Defendants' IDS System;**

   **c) Calculating other employees' payroll hours;**

   **d) Served as Defendants' IT contact person;**

   **e) Ordering bus passes for Defendants' Clients; and**

   **f) Performed other office tasks, as directed by Defendant Nash.**

**FIRST CAUSE OF ACTION**
**FLSA Claims, 29 U.S.C. §§ 21, et seq.**
**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

29.     Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 28 as though fully set forth herein.

30.     Defendants Sancia, Nash, and Davis, as employers and/or manager(s) of Sancia were subject to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., in that they were required to pay Plaintiff the appropriate regular and overtime wages, thereunder.

31.     Plaintiff's regular rate of pay was set by Defendant employers. During the relative time period, from January 2010 to October 2016, Plaintiff was to work 40 hours a week. In return, Ms. Park was to be paid her respective hourly rates of $12, $13, $16, and $22, respectively.

32.     However, during that time period, Plaintiff worked an average of between 70-90 hours a week, without the applicable pay, for overtime work done above and beyond the initial 40 hours a week.

33.     The employment and work records for the Plaintiff are in the exclusive possession, custody and control of the Defendants and Plaintiff is unable at this time to precisely state the exact amount owed to her.  The Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other records with respect to the Plaintiff from which the amount of the Defendants' liability can be ascertained.

34.     The Plaintiff, during the applicable statutory maximum time periods, worked in excess of the statutory maximum number of hours provided in section 7(a)(1) of the Act 29 U.S.C. § 207(a)(1), without receiving compensation for such excess at a rate of one and one half times the regular rate at which the Plaintiff was employed.

35.     At all relevant times the Plaintiff did provide services for the benefit of Defendants.

36.     The hours spent by the Plaintiff on production and service work was spent over and above the Plaintiff's normal working hours and was in excess of the statutory maximum hours provided for in 29 U.S.C. § 207(a)(1) as such were "overtime hours" as those terms are used and applied pursuant to the Fair Labor Standards Act.

37.     The Defendants willfully refused to pay the appropriate overtime calculated at one and one-half times the Plaintiff's regular rate for such overtime hours in violation of section 7 of the Act, 29 U.S.C. § 207.  Such violation is redressable by the Plaintiff as an affected employee under section 216(b) of the Act 29 U.S.C, 216(b).

38.     During the relevant time period, Defendants' Business engaged in Interstate Commerce and earned more than $500,000 a year. For example, Defendant Davis, who is a Resident of the State of Nevada, regularly traveled to New York State, to Co-Manage and Co-Direct Sancia's Business. In addition, many of Sancia's Clients were from Connecticut. Furthermore, much of Sancia's Supplies and Equipment were moved through Interstate Commerce.

39.     At all relevant times, relevant within the three years prior to the filing of this Complaint, the Defendants have been aware of the provisions of the FLSA, as amended, 29 U.S.C. § 201 et. seq., requiring payment of the proper overtime compensation to the Plaintiff, and others similarly situated.

40.     Therefore, the Plaintiff is entitled to the unpaid overtime compensation and liquidated damages owed on this claim for the three-year period immediately preceding the commencement of this action.

## SECOND CAUSE OF ACTION: VIOLATION OF THE STATE LABOR LAW
## AGAINST DEFENDANTS SANCIA, NASH, AND DAVIS

41.     Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs

1 through 40 of this Complaint with the same force and effect as if each were fully set forth herein.

42.     Defendants Sancia, Nash, and Davis, as employers and/or managing agents of Sancia were

subject to the New York State Labor Law § 160 et seq., in that they were required to pay Plaintiff

the appropriate over-time wages, and spread of hours compensation. Plaintiff very often worked

more than ten (10) hour shifts.

43.     Plaintiff's regular rate of pay was set by Defendant employers. During the relative time

period, from January 2010 to October 2016, Plaintiff was to work 40 hours a week. In return, Ms.

Park was to be paid her respective hourly rates of $12, $13, $16, and $22, respectively.

44.     The employment and work records for the Plaintiff are in the exclusive possession, custody

and control of the Defendants and the Plaintiff is unable at this time to precisely state the exact

amount owed to her.  The Defendants are under a duty imposed by New York State Labor Laws

and other relevant statutes to maintain and preserve payroll and other records with respect to the

Plaintiff from which the amount of the Defendants' liability can be ascertained.

45.     During her employment with Defendants, Plaintiff Park did not receive the regular

overtime wages applicable at the time. Moreover, Defendants did not pay Plaintiff New York state

spread of hours premium for days during which she worked more than ten (10) hour shifts.

46.     In intentionally taking the above described actions, Defendants caused Plaintiff to suffer

loss of Overtime wages, spread of hours pay, legal fees, and costs.

47.     Accordingly, Defendants were in violation of the New York State Minimum Wage Act,

and the New York Spread of Hours Provision, N.Y. Stat. § 650, et seq., 12 N.Y.C. R.R. § 137-1.3

and 137-1.7.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Michele Park, respectfully requests that this Honorable Court Grant the following relief:

A.     A judgment that Defendants intentionally and willfully violated Plaintiff's rights, and other similarly situated employees, under the Fair Labor Standards Act, and/or the New York State Labor Law.

B.     An order for complete and accurate accounting of all compensation to which the Plaintiff and others are entitled;

C.     Judgment against the Defendants, jointly, severally, and individually awarding Plaintiff monetary damages in the form of back pay for overtime compensation, spread of hours pay, liquidated damages equal to said unpaid compensation, plus appropriate pre-judgment and post judgment interest, under the FLSA and/or the New York State Labor Law;

D.     Awarding Plaintiff the cost and disbursements of this action, together with reasonable attorneys' fees; and

E.     Such other and further relief as this Honorable Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.


Dated:   January 30, 2017
         New York, New York


                              Respectfully submitted,


                              _____/s/_____
                              Lee Nuwesra (LN 5851)
                              Attorney for the Plaintiff
                              One Grand Central Place
                              60 E. 42nd Street, Suite 1132
                              New York, New York 10165
                              (212) 370-8707

9

# EXHIBIT
# A

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution, against Sancia Healthcare, Inc., aka Sancia Wellness, Pennye v. Nash, as Executive Director of Sancia Healthcare, Inc., and Individually, as well as Ian Davis as President of Sancia Healthcare, Inc., and Individually; for violations of Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and agree to act as a representative of others similarly situated and to make decisions on my behalf and on behalf of others similarly situated concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. This is subject to Mr. Nuwesra's (My Attorney) continued investigation.

Michele Park
Print Name

Address

White Plains, NY 10605
City, State, Zip Code

X
Signature

(914)
Telephone

X   1/30/17
Date