UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHELE PARK, on behalf of herself and other
similarly situated employees                                               17 Civ. 0720 (NSR) (JCM)

                                **Plaintiff(s),**

        -against-

SANCIA HEALTHCARE, INC., aka SANCIA
WELLNESS, PENNYE W. NASH, AS EXECUTIVE
DIRECTOR AND INDIVIDUALLY, and IAN DAVIS
AS PRESIDENT AND INDIVIDUALLY

                                **Defendants.**
-------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN
## SUPPORT OF HER MOTION TO STRIKE DEFENDANTS' ANSWER,
## PURSUANT TO FED. R. CIV. PRO. 37(b)

**LEE NUWESRA, ESQ.**
*Attorney for Plaintiff*
60 East 42nd Street, Suite 1132
New York, New York 10165
Tel.  (212) 370-8707
Fax. (212)370 8708
lnuwesra@optonline.net

## PRELIMINARY STATEMENT

Plaintiff, Michele Park, by her undersigned attorney, respectfully submits this Memorandum Of Law in Support of her Motion to Strike Defendants' Answer, pursuant to Federal Rules of Civil Procedure 37(b); and other sanctions pursuant to this Court's inherent power.

For the reasons stated in this Memorandum of Law, and relevant Procedural History, as recited below, it is respectfully submitted that Defendants' conduct of ignoring numerous Court Orders, rises to the level of sanctionable behavior under the foregoing cited Federal Rule.

## RELEVANT PROCEDURAL HISTORY AND STATEMENT OF FACTS

1. After service of the Summons and Complaint, Defendants appeared by their Counsel on March 7, 2017. **(See Docket Nos. 8-11)**.

2. On 4-7-2017, Defendants filed their timely Answer to the Complaint. **(Doc. No. 16)**.

3. On 5-10-2017, both Parties appeared before District Court Judge, the Honorable Nelson Stephen Roman, for the Initial Pretrial Conference **("IPTC")**.

4. At the IPTC, amongst others, the Trial Court issued a Case Management Plan. **(Doc. No. 19)**.

5. Moreover, the Trial Court referred the case to the Honorable Magistrate Judge, Judith C. McCarthy for all general pretrial purposes. **(Doc. No. 18)**.

6. On 7-19-2017, the Parties appeared, before the Honorable Judge McCarthy, for a Status Conference.

7. At the Status Conference, the Parties advised the Court of the Following:

    a) Rule 26 Automatic Disclosures were exchanged between the Parties;

    b) Paper Discovery Requests were served by the Parties;

    c) Deposition Notices were mutually exchanged; and

1

      d) That Plaintiff timely responded to Defendants' Production of Documents and Interrogatory Requests.  **However**, defendants failed to do same.

8. Furthermore, at the 7-19-2017 Status Conference, Counsel for Defendants sought to withdraw from continuing to represent Defendants.

9. Accordingly, Judge McCarthy instructed that a written Motion to that effect be filed by August 4, 2017, on Notice to all Defendants.  The Court further **instructed that Defendants must appear**, on 8-25-2017, the date set for Oral Argument on Defendants' Counsel Withdrawal Motion.

10. On 8-25-2017, the Court held Oral Argument on Attorney Maria C. Corrao's Motion to Withdraw.  However, **Defendants failed to appear**. **(Doc. No. 25)**.

11. After Oral Argument, the Court granted Attorney Corrao's Application to Withdraw as Defendants' Counsel.  The Court further directed Ms. Corrao to serve copies of the Order on Defendants.  Discovery was stayed for forty-five **(45)** days, to allow the Individual Defendants to obtain new Counsel or appear Pro-Se, and for, including Defendants, Corporate Defendant to obtain new Counsel.  Moreover, Judge McCarthy **mandated all Parties** to appear on 10-11-2017, for a follow-up Status Conference. **(Doc. No. 25)**.

12. Based on the Court's direction, Plaintiff and her undersigned attorney appeared on 10-11-2017, for the Status Conference set by Judge McCarthy.  However, **none of the Defendants or any Representative thereof appeared**, as **instructed** by the Honorable Judge McCarthy.

13. On 1-18-2018, Judge McCarthy, again, **directed that Defendants must appear on 2-7-2018**, and explain why they have disregarded Her Honor's previous Orders.  Judge McCarthy further cautioned Defendants that failure to appear may result in a finding of Contempt of the Court, the imposition of sanctions or, ultimately, entry of a Default Judgment. **(Doc. No. 30)**.

14. On 2-7-2018, Plaintiff and her Counsel appeared before Judge McCarthy.  **However**, **Defendants once again, failed** to appear or communicate with Judge McCarthy, as Ordered.  **(See Doc. No. 31.)**.

15. On 10-23-2018, Plaintiff, by letter dated 10-03-2018, sought from Magistrate Judge McCarthy, that Defendants' Answer be Stricken **(Doc. No. 34).**

16. On 11-27-2018, the Court issued a Scheduling Order for a Status Conference, to discuss Plaintiff's Request to Strike Defendants' Answer.  Said Conference was scheduled for December 6, 2018 **(Doc. No. 36).**

17. On 12-06-2018, Plaintiff by her attorney, appeared by telephone.  However, Defendants **failed to appear.**  Accordingly, the Honorable Judge McCarthy granted Plaintiff leave to file a Motion for Discovery Sanctions, including to Strike Defendants' Answer.

## ARGUMENT

## POINT I

## SANCTIONS UNDER FED. R. CIV. PRO. 37(b)

Rule 37(b) of the Federal Rules of Civil Procedure provides in part, that if a Party **"fails to obey an Order to provide … discovery … the Court where the action is pending may issue further just orders,** including

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii) striking pleadings in whole or in part;**

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; **or**

**(vii) treating as contempt of court the failure to obey....**

In the Instant Park matter, as reflected above in paragraphs 8, 10-14, 16-17; for over a year, Defendants have ignored numerous **Orders, Directions** and **Instructions** by the Instant Honorable Court.  Accordingly, Plaintiff Park respectfully requests that this Honorable Court impose sanctions on Defendants.  Rule 37(b) (2) lists specific categories of sanctions that may be imposed on a Party, or an Officer, Director, or Managing Agent of a Party.  See *U.S. Ex rel. Pogue v. Diabetes Treatment Centers of Am.*, 444 F.3d 462, 468 (6th Cir. 2006).  Here, Plaintiff Park is requesting that Defendants' Answer be stricken.  This Court may strike any pleading or portion of a pleading.  See *Chevron Corp. v. Donziger*, 833 F. 3d 74, 149 (2nd Cir. 2016).

## **CONCLUSION**

For the reason set forth above, this Memorandum of Law, and all proceedings had, Plaintiff respectfully seeks that this Honorable Court impose sanctions on Defendants, pursuant to Rule 37(b) (2), by striking the Answer; and other appropriate sanctions, pursuant to the Court's inherent powers.

Dated:  New York, New York         By:  _____/s/_____
        January 4, 2019              Lee Nuwesra (LN 5851)
                                     *Attorney for Plaintiff*
                                     One Grand Central Place
                                     60 East. 42nd Street, Suite 1132
                                     New York, New York 10165
                                     Tel#: (212) 370-8707
                                     lnuwesra@optonline.net