UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHELE PARK, on behalf of herself and other
similarly situated employees,

               Plaintiff,                         17-cv-720 (NSR)

    -against-                             OPINION & ORDER

SANCIA HEALTHCARE, INC., aka SANCIA
WELLNES, PENNYE W. NASH, as executive
director and individually, and IAN DAVIS, as
president and individually,

               Respondent.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Michele Park commenced this action against Defendants Sancia Healthcare, Inc., Pennye W. Nash, and Ian Davis, asserting claims under the Fair Labor Standards Act and New York State Labor Law. (ECF No. 1.) Following Defendants' appearance and answer, the Court referred this case to Magistrate Judge Judith C. McCarthy ("Judge McCarthy") for general pre-trial matters. (ECF No. 18.) On January 4, 2019, Plaintiff moved to strike Defendants' answer pursuant to Federal Rule of Civil Procedure 37(b)(2). (ECF No. 37.) Defendants submitted no opposition to the motion. Now pending before the Court is a Report and Recommendation ("R&R") issued by Judge McCarthy, pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b), recommending that the motion be granted. (ECF No. 40.) Defendants have made no objections to the R&R. For the following reasons, the Court adopts the R&R in its entirety, and Plaintiff's motion is GRANTED.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2019

## BACKGROUND

Plaintiff commenced the instant action on January 30, 2017 (ECF No. 1). On March 7, 2017, Defendants appeared by counsel and Defendants timely filed their answer on April 7, 2017. (ECF Nos. 8-11, 16.) By Order dated May 10, 2017, the Court referred this matter to Judge McCarthy for all pre-trial matters. (ECF No. 18.) On August 4, 2017, Defendants' counsel moved to withdraw as counsel, and on August 25, 2017, the Court granted her request. (ECF Nos. 22, 25.) After Defendants failed to appear for proceedings before Judge McCarthy on August 25, 2017, and October 11, 2017, Plaintiff sought to file an Order to Show Cause for entry of default judgment against Defendants, based on Defendants' noncompliance with discovery orders and failures to attend court-ordered conferences. (ECF No. 27.) On January 5, 2018, this Court denied Plaintiff's Order to Show Cause as premature. (ECF No. 28.)

By Order dated January 18, 2018, Judge McCarthy scheduled a status conference for February 7, 2018, and directed Defendants to appear and explain why they had disregarded prior Court orders. Judge McCarthy cautioned that "[f]ailure to appear may result in a finding of contempt of Court, the imposition of sanctions or, ultimately, entry of a default judgment." (ECF No. 30.) Defendants nonetheless failed to appear on February 7, 2018. By Order dated February 7, 2018, Judge McCarthy noted Defendants' repeated failures to appear at court-scheduled conferences, and directed Defendants to submit to the Court a written explanation for their failure to appear by February 16, 2018. (ECF No. 31.) Judge McCarthy cautioned that "[a]bsent receipt of an explanation from Defendants, the Court may sanction the Defendants in the amount of $500.00 payable to Plaintiff as compensation for the travel and attorney time expended by Plaintiff's counsel to attend [the February 7, 2018,] conference." (*Id.*) Further, Judge McCarthy noted that Defendants had not responded to Plaintiff's discovery demands, which were served on

2

Defendants' former counsel-of-record before she withdrew as Defendants' attorney. (*Id.*) Judge McCarthy ordered Defendants to respond to such demands by February 16, 2018. (*Id.*) Finally, Judge McCarthy directed Defendants' former counsel-of-record to serve a copy of the Order on her former clients and file an affidavit of service with the Court. (*Id.*)

Defendants' former counsel complied with Judge McCarthy's Order and confirmed its service on Defendants. (ECF No. 32.) Nonetheless, Defendants failed to respond or produce the ordered discovery. Judge McCarthy scheduled another status conference on December 6, 2018. (ECF No. 36.) Plaintiff appeared on that date, but Defendants again failed to appear. (12/06/2018 Minute Entry.) At the conference, Judge McCarthy granted Plaintiff's request to file the instant motion to strike Defendants' answer. (*Id.*) Plaintiff's moving papers and a Certificate of Service were filed on January 4, 2019, (ECF Nos. 37-39), and Defendants failed to file anything in opposition. Plaintiff seeks to have Defendants' answer stricken as a sanction for their failure to abide by the Court's discovery orders and moves for any other sanctions the Court deems appropriate. (ECF No. 38.)

## STANDARDS OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept,

3

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. Rule 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on July 22, 2019. (ECF No. 40.) Parties had until August 5, 2019 to file objections, but Defendants filed none. Since Defendants failed to file any objections, the Court has reviewed Judge McCarthy's R&R for clear error and found no clear error.

Rule 37(b)(2)(C) provides, in relevant part, that when a party fails to comply with a discovery order or permit discovery, the court may "render[] a judgment by default against the disobedient party." Although the Rule also provides for sanctions that are less harsh, the mere availability of softer sanctions does not bar a court from imposing the default sanction when warranted. *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989).

Judge McCarthy determined that Defendants' repeated failures to comply with numerous Court orders and directives, beginning in 2017, warrants the striking of their answer. Such a determination was based upon Judge McCarthy's finding that Defendants' conduct was willful,

4

that no lesser sanctions would prevent Defendants' noncompliance with this Court's orders, that there is reason to believe that Defendants' noncompliance will continue indefinitely, and that Defendants have been warned on multiple occasions of the consequences of their failure to abide by the Court's orders. Defendants' conduct, as detailed herein and in the R&R, provides ample bases for Judge McCarthy's conclusions.

## CONCLUSION

For these reasons, the Court adopts Judge McCarthy's R&R in its entirety. Plaintiff's motion to strike Defendants' answer is GRANTED. The Clerk of the Court is directed to enter defaults against all Defendants pursuant to Rule 55(a). Plaintiff shall be permitted to apply for a default judgment against Defendants on each of her claims. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 37.

The Clerk of the Court is further directed to mail a copy of this Opinion to Defendants at 20 Church Street, White Plains, NY 10601, as well as an extra copy to each of the following two addresses and to show proof of service on the docket.

Pennye W. Nash
500 High Point Drive
Unit 315
Hartsdale, NY 10530

Ian Davis
4080 Paradise Road
Suite 242
Las Vegas, Nevada

Dated: September 27, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge