```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHELE PARK,

                          Plaintiff,
    v.                                                          MEMORANDUM OPINION
                                                                AND ORDER
SANCIA HEALTHCARE INC., et al.,
                                                                17-cv-00720 (PMH)
                          Defendants.
-----------------------------------------------------------X
```

Plaintiff Michele Park, on behalf of herself and others similarly situated, brings an action against Defendants Sancia Healthcare, Inc. ("Sancia Healthcare"), Pennye W. Nash ("Nash"), and Ian Davis ("Davis" and collectively "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, and related New York labor law violations.

Before the Court is Plaintiff's application for default judgment against all three Defendants pursuant to Fed. R. Civ. P. 55(b)(2). For the reasons set forth below, the motion is granted in part and denied in part. The Court refers the matter to the assigned Magistrate Judge for an inquest on damages and attorney's fees due Plaintiff from Sancia Healthcare.

## BACKGROUND

The facts, as recited below, are taken from Plaintiff's Complaint. (Doc. 6, "Compl."). Plaintiff, on behalf of herself and others similarly situated, brings claims against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York labor laws ("NYLL"). *Id.* ¶ 1. Plaintiff was employed by Sancia Healthcare. *Id.* ¶ 14. Nash is the executive director and a shareholder of Sancia Healthcare, *id.* ¶ 8, and Davis is the president and a shareholder of Sancia Healthcare, *id.* ¶ 9. Plaintiff alleges a collective action under the FLSA on behalf of all non-exempt employees employed by Defendants in New York and who worked in an administrative or clerical

1

position. *Id.* ¶ 10. Plaintiff alleges that all such employees are similarly situated, have similar job requirements, and have been denied legally required wages. *Id.* ¶ 11.

Plaintiff alleges that she was denied overtime pay when she was employed by Sancia Healthcare as an administrative assistant. *Id.* ¶ 14. Plaintiff asserts that the denial of overtime pay was knowing, intentional, and willful, and that Defendants knew that the denial of overtime pay was in violation of federal and state laws and that Plaintiff would be economically injured. *Id.* ¶¶ 15–16. Plaintiff alleges that she often worked over forty hours a week, and over ten hours a day, and that Defendants did not properly compensate Plaintiff for her time worked. *Id.* ¶¶ 17–18. Plaintiff states that she was initially hired in 2009 as a part-time front office attendant earning $10/hour and that, in 2010, she became a full-time employee in the same role earning $12/hour. *Id.* ¶¶ 20–21. Over the next five years, Plaintiff's pay increased, and by 2015, she was an administrative assistant making $22/hour. *Id.* ¶¶ 22–23. In 2016, Plaintiff was discharged after complaining that she was inadequately paid. *Id.* ¶ 24. Plaintiff alleges that, although her regularly scheduled hours were from 9:00 a.m. to 5:00 p.m. Monday through Friday, from 2010 through June 2015 she worked an average of 70 hours a week, and from June 2015 through October 2016 she worked 70–90 hours a week. *Id.* ¶¶ 25–27.

Plaintiff brings two claims for relief. Plaintiff's first claim for relief asserts violations of the FLSA. *Id.* ¶¶ 29–40. Plaintiff's second claim for relief asserts violations of the NYLL. *Id.* ¶¶ 41–47.

Plaintiff commenced this action on February 3, 2017 and filed an affidavit of service of the summons and complaint on all Defendants on March 5, 2017. (Docs. 6–7). Defendants filed an Answer to Plaintiff's Complaint on April 7, 2017. (Doc. 16). On September 27, 2019, Judge Nelson S. Román adopted the Report and Recommendation of Magistrate Judge Judith M.

McCarthy and granted Plaintiff's motion to strike Defendants' Answer. (Doc. 41). The Court found that "Defendants' repeated failures to comply with numerous Court orders and directives, beginning in 2017, warrant[ed] the striking of their answer." *Id.* at 4. The Court also directed the Clerk of the Court to enter defaults against all Defendants pursuant to Fed. R. Civ. P. 55(a). *Id.* at 5. Thereafter, on October 2, 2019, the Clerk of the Court entered defaults against all Defendants. (Doc. 42). On January 27, 2020, Plaintiff filed a proposed Order to Show Cause for default judgment supported by the Declaration of Lee Nuwesra. (Docs. 46–47). On February 13, 2020, Defendants were ordered to show cause as to why default judgment should not be entered against them pursuant to Fed. R. Civ. P. 55. (Doc. 53). On February 19, 2020, Plaintiff filed proof of service of the Order to Show Cause on all Defendants. (Doc. 54). Subsequently, the hearing was adjourned, and Plaintiff filed proof of service of the new hearing date on all Defendants. (Doc. 56).  Defendants did not file answering papers.

## **STANDARD OF REVIEW**

A party seeking default judgment must adhere to the two-step process outlined in Fed. R. Civ. P. 55. First, pursuant to Rule 55(a), a party must obtain from the Clerk of the Court an entry of default. Fed. R. Civ. P. 55(a). Here, the Clerk entered default against all Defendants on October 2, 2019. (Doc. 42). Second, if "plaintiff's claim[s are not] for a sum certain or a sum that can be made certain by computation . . . the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

Just because the Clerk has entered a default against a defendant, the plaintiff is not automatically entitled to an entry of default judgment by the Court. Rather, "[i]t is the plaintiff[s'] burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted." *Zokirzoda v. Acri Cafe Inc.*, No. 18-CV-11630, 2020 WL 359908, at *1

3

(S.D.N.Y. Jan. 22, 2020) (quoting *NorGuard Ins. Co. v. Lopez*, No. 15-CV-5032, 2017 WL 354209, at *15 (E.D.N.Y. Jan. 24, 2017)); *see also E. Reg'l Med. Ctr., Inc. v. Fry*, No. 18-CV-00396, 2018 WL 5266873, at *2 (N.D.N.Y. Oct. 23, 2018) ("[B]efore entering default judgment, the Court must review the allegations to determine whether Plaintiffs have stated a valid claim for relief." (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009))). While the fact that Defendants' Answer has been stricken does not establish liability, the Court considers Defendants to have "conceded Plaintiffs' well-pleaded factual allegations establishing liability." *Zokirzoda*, 2020 WL 359908, at *1 (citing Fed. R. Civ. P. 8(b)(6)).

Furthermore, pursuant to Fed. R. Civ. P. 55(b)(2), "[i]f the facts and evidence presented are sufficient to establish liability, the court must go on to 'determine the appropriate amount of damages.'" *Santana v. Latino Express Restaurants, Inc.,* 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016). Determining appropriate damages "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

## **ANALYSIS**

The Court will consider seriatim Plaintiff's two claims for relief to determine whether Plaintiff's allegations establish liability and permit the Court to find the entry of default judgment as to Defendants' liability proper.

I. <u>FLSA Claim</u>

Plaintiff seeks to recover, under the FLSA, unpaid overtime pay as well as liquidated damages, pre-judgment interest, and attorney's fees. *See* Doc. 52, "Nuwesra Decl." ¶¶ 31–32. "To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove [1]

that he performed work for which he was not properly compensated, and [2] that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87 (1946)). Plaintiff's allegations must also be sufficient to establish an employee-employer relationship. *See Villanueva v. 179 Third Ave. Rest Inc.*, No. 16-CV-8782, 2019 WL 4744707, at *3 (S.D.N.Y. Sept. 30, 2019).

Here, Plaintiff pleads the elements of an FLSA claim for unpaid overtime wages due an employee engaged in interstate commerce. Regarding employees engaged in interstate commerce, the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). To establish that Plaintiff "performed work for which [she] was not properly compensated," Plaintiff must allege that Defendants' business engaged in interstate commerce, that Plaintiff worked longer than forty hours a week, and that Plaintiff did not receive compensation for the excess hours worked. Plaintiff's complaint alleges:

> Defendants' Business engaged in Interstate Commerce and earned more than $500,000 a year. For example, Defendant Davis, who is a Resident of the State of Nevada, regularly traveled to New York State, to Co-Manage and Co-Direct Sancia's Business. In addition, many of Sancia's Clients were from Connecticut. Furthermore, much of Sancia's Supplies and Equipment were moved through Interstate Commerce.

Compl. ¶ 38. Plaintiff has alleged that she was "employed in an enterprise engaged in [interstate] commerce." *See* 29 U.S.C.A. § 207(a)(1). Additionally, Plaintiff has alleged that she worked in excess of forty hours and was not compensated for the excess hours. *See* Compl. ¶¶ 25–27 (noting

5

that, from 2010 through June 2015, Plaintiff worked an average of 70 hours a week, and that, from June 2015 through October 2016, Plaintiff worked 70–90 hours a week "without the appropriate pay remuneration for Overtime").

Furthermore, Plaintiff alleges that Defendants "had actual or constructive knowledge" of the hours Plaintiff worked. *Id.* ¶ 16 (alleging that Defendants knew about the "nonpayment of the appropriate overtime wages."); *see also id.* ¶ 33 (noting that Plaintiff's employment records are statutorily required to be in the possession of Defendants pursuant to 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor).

Finally, Plaintiff adequately alleges that Sancia Healthcare was her employer. To determine if Sancia Healthcare was Plaintiff's employer the Court considers the four *Carter* factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963, 2019 WL 1549033, at *5 (E.D.N.Y. Feb. 22, 2019), *report and recommendation adopted*, No. 17-CV-6963, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). As to Sancia Healthcare, Plaintiff easily satisfies this test. *See, e.g.,* Compl. ¶ 20 ("Plaintiff was initially hired by Defendant Employer in July 2009"); *id.* ¶ 20–25 (noting Plaintiff's employment history with Defendants and Plaintiff's salary); *id.* ¶ 31 ("Plaintiff's regular rate of pay was set by Defendant employers."); *id.* ¶ 33 (noting that Plaintiff's employment records are statutorily required to be in the possession of Defendants pursuant to 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor). Thus, the Court finds that Plaintiff has established FLSA liability as to Sancia Healthcare and enters a default judgment against Sancia Healthcare on Plaintiff's FLSA claims.

While Plaintiff has adequately alleged that she was employed by Sancia Healthcare, and that Sancia Healthcare was her employer for purposes of FLSA liability, the Court must determine if Nash and Davis (the "Individual Defendants") are "joint employers" and therefore also liable to Plaintiff for violations of the FLSA.

It is true that "[a]n employee may simultaneously have multiple 'employers' for purposes of determining responsibility under the FLSA." *Lu Nan Fan*, 2019 WL 1549033, at *5. In the Second Circuit, to determine if an individual in management—such as the executive director or president of an organization—is considered a "joint employer," courts look to the degree of "operational control" exercised by an individual defendant. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 106–07 (2d Cir. 2013). "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation" for FLSA liability purposes. *Lu Nan Fan*, 2019 WL 1549033, at *5 (citing *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002)). However, alleging that an individual exercised mere "operational control" over a corporation is not enough to establish FLSA liability. Rather, "[m]ost circuits . . . have acknowledged . . . that a company owner, president, or stockholder must have at least some degree of involvement *in the way the company interacts with employees to be a FLSA 'employer.'*" *Irizarry*, 722 F.3d at 106–07 (emphasis added). Stated another way, a plaintiff must allege that the corporate officer exercised operational control over employment decisions specifically rather than exercise operational control over an organization generally. *Irizarry* is instructive on this point:

> Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status. Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment. It is appropriate . . . to require some degree of individual involvement in a company in a manner that affects employment-related factors such as workplace conditions and operations,

7

personnel, or compensation—even if this appears to establish a higher threshold for individual liability than for corporate 'employer' status.

*Id.* at 109. Therefore, "[a] person exercises operational control over employees [sufficient to establish FLSA liability] if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.*; *see also Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 16-CV-5735, 2019 WL 1244291, at *8 (S.D.N.Y. Mar. 18, 2019) ("[C]ourts must consider the defendant's operational control of the company's employment of the relevant plaintiffs, 'rather than simply operational control of the company.'" (quoting *Beng Khoon Loo v. I.M.E. Rest., Inc.*, 17-CV-02558, 2018 WL 4119234, at *4 (E.D.N.Y. Aug. 29, 2018))).

The Court finds Plaintiff's allegations in her Complaint are simply insufficient to enter a default judgment for FLSA liability against the Individual Defendants. While Plaintiff's Complaint identifies Nash as "the Executive Director and a shareholder of Defendant Sancia [Healthcare]," Compl. ¶ 8, and Davis as "the President and a shareholder of Defendant Sancia [Healthcare]," *id.* ¶ 9, Plaintiff makes scant mention of the two Individual Defendants throughout her Complaint. *See id.* ¶ 28(f) ("In her position as an Administrative Assistant . . . Plaintiff . . . [p]erformed other office tasks, as directed by Defendant Nash."); *id.* ¶ 30 ("Defendants Sancia, Nash, and Davis, as employers and/or manager(s) of Sancia were subject to the Fair Labor Standards Act, 29 U.S.C. § 201 . . ."); *id.* ¶ 38 ("Defendant Davis, who is a Resident of the State of Nevada, regularly traveled to New York State, to Co-Manage and Co-Direct Sancia's Business."); *id.* ¶ 42 ("Defendants Sancia, Nash, and Davis, as employers and/or managing agents of Sancia were subject to the New York State Labor Law § 160 et seq. . . ."). Plaintiff fails to include any allegations in her Complaint which indicate that the Individual Defendants had any control over employees employed by Sancia Healthcare as is required to extend liability to the Individual Defendants under the FLSA. The Court cannot find, based on Plaintiff's allegations, that the Individual Defendants had operational

control over employment decisions at Sancia Healthcare, and therefore cannot conclude that the Individual Defendants are "joint employers" for FLSA purposes.

Accordingly, the Court finds that Plaintiff's well-pled allegations establish FLSA liability for unpaid overtime wages as to Sancia Healthcare but not as to the Individual Defendants.

II. <u>NYLL Claim</u>

Plaintiff also seeks to recover, under the NYLL, unpaid overtime pay as well as liquidated damages, pre-judgment interest, and attorney's fees. *See* Nuwesra Decl. ¶¶ 31–32. Plaintiff's allegations are also sufficient for the Court to establish Sancia Healthcare's liability under the NYLL for unpaid overtime wages. "A Plaintiff's burden to establish overtime wages liability under the NYLL is similar to that under the FLSA." *Herrera Lopez v. Metrowireless 167 Inc.*, No. 18-CV-10754, 2020 WL 289785, at *3 (S.D.N.Y. Jan. 21, 2020) *(*citing *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015)); *see also Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 363 (S.D.N.Y. 2014) ("To establish liability under the . . . NYLL on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work."). Accordingly, for the same reasons already established herein, the Court finds that Plaintiff has adequately alleged Sancia Healthcare's liability for unpaid overtime wages under the NYLL.

The Court similarly finds that the Individual Defendants are not liable for unpaid overtime wages regarding Plaintiff's NYLL claims. *See Jianjun Chen,* 2019 WL 1244291, at *8 ("[I]n the Second Circuit, courts generally interpret [t]he statutory standard for employer status under NYLL [to be] nearly identical to that of the FLSA." (internal citations omitted)); *see also Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014) ("Courts in this District have regularly applied the same tests to determine, under the FLSA and NYLL, whether entities were

joint employers."); *Teri v. Spinelli*, 980 F. Supp. 2d 366, 373 (E.D.N.Y. 2013) ("District courts in this Circuit 'have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA.'"). Therefore, the Court finds Plaintiff is entitled to judgment on liability under Plaintiff's NYLL claim as to Sancia Healthcare but not as to the Individual Defendants.

III. <u>Damages</u>

Plaintiff's application for default judgment seeks unpaid overtime pay as well as liquidated damages, pre-judgment interest, and attorney's fees. *See* Nuwesra Decl. ¶¶ 31–32. Having established that Plaintiff has adequately alleged that Sancia Healthcare is liable to Plaintiff for unpaid overtime wages for violations of the FLSA and NYLL, the Court must, pursuant to Fed. R. Civ. P. 55(b)(2) establish the damages due Plaintiff. The Court refers this case to Magistrate Judge Judith C. McCarthy to hold an inquest on damages and to make a Report and Recommendation thereafter.

## **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff's well-pled allegations establish Sancia Healthcare's liability under the FLSA and NYLL for unpaid overtime wages. The Court refers this case to Magistrate Judge Judith C. McCarthy for an inquest on damages and to prepare a Report and Recommendation thereafter.

SO ORDERED.

Dated: New York, New York
       June 23, 2020

_____
Philip M. Halpern
United States District Judge